UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HAWKINS,<br>Petitioner,<br>v.<br>THE PEOPLE OF THE STATE OF CALIFORNIA and CALIFORNIA ATTORNEY GENERAL ROB BONTA,<br>Respondents. | Case No.: 26-cv-5382-BJC-JLB<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner Christopher Hawkins, currently incarcerated at the San Quenten Rehabilitation Center and proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from the San Diego County Superior Court. ECF No. 1. Petitioner has failed to pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*. Because the Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed *in forma pauperis*, the Petition is subject to dismissal without prejudice. *See* R. 3(a), Rules Governing § 2254 Cases (2019).

In addition, Petitioner fails to name a proper respondent. In federal habeas cases, a state prisoner must name the state officer having custody of them as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing R. 2, Rules Governing

§ 2254 Cases (2019)). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting R. 2, Rules Governing § 2254 Cases (2019), advisory committee's note).

Here, Petitioner has named as Respondents the People of the State of California and the Attorney General of California Rob Bonta. *See* ECF No. 1 at 1. Neither are proper respondents. The People of the State of California is not a proper respondent because Petitioner must name as respondent the individual having custody of him. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam); *see also Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968) ("The actual person who is [the] custodian [of the petitioner] must be the respondent."). Likewise, the Attorney General of the State of California is not a proper respondent in this action. The state officer having custody of the petitioner shall be named as respondent. *See* Rule 2(a), 28 U.S.C. foll. § 2254. However, "[i]f the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgement was entered." Rule 2(b), 28 U.S.C. foll. § 2254. However, here, there is no basis for Petitioner to have named the Attorney General as a respondent because he is already in custody.

Accordingly, the Petition is also subject to dismissal for failure to name a proper Respondent. For the Court to proceed, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is currently confined or the Secretary of the California Department of Corrections and Rehabilitation.

Finally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court of the Southern District of California. *See* R. 2(d), Rules Governing Section 2254 Cases (2019). To comply with the Local Rules, petitions must be submitted on a court-approved form and in accordance with the

instructions approved by the Court. *Id.*; S.D. Cal. CivLR HC.2(b). Here, the Petition is not on a court-approved form. *See* ECF No. 1. Thus, this action is also subject to dismissal because Petitioner has not submitted the instant Petition on the proper form nor in accordance with the local rules of this District.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court **DISMISSES** the case without prejudice. In order to proceed with this case, Petitioner must submit, no later than **January 2, 2026**, ***both*** (1) a completed petition form ***and*** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. For Petitioner's convenience, the Clerk of Court is **DIRECTED** to send Petitioner a blank *In Forma Pauperis* Application and a blank 28 U.S.C. § 2254 Habeas Petition form together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: November 6, 2026

Honorable Benjamin J. Cheeks
United States District Judge